# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>  -vs-<br><br>SAMANTHA MARIE TAINEWASHER and CALVIN JAMES HUNT,<br><br>                            Defendants. | Case Nos.    1:21-CR-2029-SAB-1<br>                          1:21-CR-2029-SAB-2<br><br>CRIMINAL MINUTES<br><br>DATE:       NOVEMBER 13, 2023<br><br>LOCATION:  YAKIMA, WA<br><br>FINAL PRETRIAL CONFERENCE<br>JURY SELECTION<br>JURY TRIAL – DAY ONE |

**CHIEF JUDGE STANLEY A. BASTIAN**

| Michelle Fox | 02 | | Marilynn McMartin |
|---|---|---|---|
| **Courtroom Deputy** | **Law Clerk** | **Interpreter** | **Court Reporter** |
| Timothy Ohms<br>Michael Ellis | | Richard Smith<br>Douglas McKinley<br>Ulvar Klein | |
| **Government Counsel** | | **Defense Counsel** | |
| **United States Probation Officer:** | | | |

[ X] **Open Court**      [ ] **Chambers**      [ ] **Telecon/Video**

Defendant Tainewasher present and out of custody of US Marshal.
Defendant Hunt present and in custody to US Marshal.

Final Pretrial Conference:

[ ]  **ORDER FORTHCOMING**

| CONVENED: 8:30 A.M.<br>9:16 A.M.<br>2:30 P.M.<br>4:30 P.M. | ADJOURNED: 9:05 A.M.<br>1:27 P.M.<br>4:20 P.M.<br>5:09 P.M. | TIME: 35 MIN. (PTC)<br>4 HRS. 11 MIN.<br>1 HR. 50 MIN.<br>39 MIN.<br>TOTAL: 6 HRS. 40 MIN. | CALENDARED [ X ] |
|---|---|---|---|

USA  -vs-  Tainewasher/Hunt                                                                                       November 13, 2023
1:21-CR-2029-SAB-1 and 2                                                                                          Page 2
Final Pretrial Conference/Jury Selection/Jury Trial Day One

Court addresses counsel and outlines jury selection process.  Witnesses will be excluded except for defendants and case agent.  M. Ellis states the agent is Megan Bennett.  Side bar matters are outlined.  Statements during trial should be addressed prior to avoid side bars.

M. Ellis discusses limited jury instructions that have been provided to the Court.

Court discusses the motion regarding Officer Chumley's entry.  Court has already ruled on this issue.  Court will allow witness to discuss entry into the trailer.

Court discusses motion in limine on Exh. 74 and 75.
      R. Smith presents argument on motions.  Exhibits regarding facebook.  Exhibits are prejudicial and not relevant.
      M. Ellis presents argument against motion.  Exhibits are relevant.
      Court addresses counsel.  M. Ellis responds.  Court addresses counsel.  M. Ellis responds.  Court addresses counsel.  M. Ellis responds.
      Court indicates that Exh. 74 and 75 will most likely be admitted.
      R. Smith responds to argument.  Court outlines understanding of Exh. 74 and 75.

Court asks if the out of court statements be admitted.  R. Smith presents argument.  Not determined yet.

Court asks about the length of trial.  M. Ellis still confirms it should be done this week.  Estimate completing testimony on Wednesday.

Court asks counsel if the Superseding Indictment should be read.  U. Klein wants it read.

Recess:  9:05 am – 9:16 am


<u>Jury selection begins.</u>

Court welcomes the jury.  Court explains trial procedure.  Court gives preliminary comments.  Jury qualification oath given to jury.  Court gives preliminary instructions to the jury.  Voir dire conducted.
      Court questions juror 18 on request for excuse.
      Voir dire continued.
      Court questions juror 31 regarding work schedule.
      Voir dire continued.

T. Ohms voir dire jurors.  U. Klein voir dire jurors.  D. McKinley voir dire jurors.

Side bar conducted for challenges.  Defendants waive their presence for the side bar.

Preemptory challenges taken.

1:14 pm - Jury selected.  Nos.  1, 4, 7, 10, 12, 13, 14, 32, 34, 37, 39, 40, 42, 43. Court thanks all the jurors.  Jurors not selected excused at 1:20 pm.

Jury sworn in. Court gives preliminary comments to the jury.  Jury excused at 1:25 pm.

Court places on the record the jurors excused for cause and for hardship during the side bar.

      Recess:       1:27 pm – 2:30 pm

Court asks if there are any Batson challenges.  U. Klein indicates no.  D. McKinley indicates no.

Court discusses statement by S. Tainewasher.  M. Ellis states there are 2 sentences to illicit.  Court asks if they will be referenced in the opening statements.  M. Ellis states that Officer Chumley will address it and he is the first witness.  T. Ohms will make a comment during opening statements.  U. Klein objects on Bruton. R. Smith objects – it is incomplete.

    Court will not allow statement to be used during opening statements.

    M. Ellis presents argument regarding an incomplete statement.  The rule of completeness is only required to recordings and not statements. The statement is not Bruton because we have taken out Hunt's reference.

    Court rules.  Statement will not be allowed during opening.

U. Klein provides a couple copies to the Court and counsel on cases regarding instructions.

    Jury reconvenes:  2:40 pm

Court reads preliminary instructions to the jury.

3:00 pm - T. Ohms presents opening statements.

    Jury excused to work on evidence system:  3:04 pm

U. Klein did not object during the argument but objects to opening statement.  It is a misstatement of the law.  Court addresses counsel.   Court will listen to opening.

Court asks counsel to argue the statement issue.  M. Ellis presents argument.  U. Klein presents argument.  R. Smith presents argument.  Court asks counsel how is Bruton handled?  R. Smith responds and continues argument.  Court asks counsel again how to deal with Bruton?  R. Smith states it is not hearsay. Court summarizes the sentence that can be stated during opening statement.  The entire statement may come in later.  M. Ellis presents argument.   Court will allow counsel to reference the statement.  Bruton will be addressed at a later date.  R. Smith objects to it being used during opening or we need to respond during opening.  Court asks counsel how will Bruton be handled?  M. Ellis states they will not reference the statement during opening statements.

    Jury reconvenes:  3:22 pm

T. Ohms presents opening statements.

3:45 pm – R. Smith presents opening statements.

4:09 pm – U. Klein presents opening statements.  T. Ohms objects to argument.  Court agrees – this is more closing argument.  U. Klein will move on.

    Jury recess:  4:18 pm

Court asks about the first witness.  M. Ellis will call Kevin Lee first.

    Recess:  4:20 pm – 4:30 pm

Court addresses the jury and outlines the schedule.

**Kevin Lee** is sworn in and questioned by M. Ellis.  Exh. 20 shown to witness.  Exh. 92 shown to witness.

    4:45 pm – D. McKinley cross examines witness.

    No cross by U. Klein.

*USA -vs- Tainewasher/Hunt*  November 13, 2023
1:21-CR-2029-SAB-1 and 2  Page 4
Final Pretrial Conference/Jury Selection/Jury Trial Day One

    4:48 pm – Redirect.

    Witness excused at 4:50 pm.

Court addresses jury. Court admonishes jury. Schedule discussed. Reconvene tomorrow at 8:30 am.
    Jury excused: 4:52 pm

Court addresses counsel regarding cross. Counsel for Tainewasher will go first and then counsel for Hunt. Court asks if the initials should be used or name of child. M. Ellis agrees name will be used. R. Smith does not have any objection.

Court asks if Exh. 91 will be offered. T. Ohms will not show it on the evidence, it will be shown to witness in an envelope. R. Smith objects to use of exhibit. Court asks if it needs to be shown. M. Ellis responds. The photograph should be in the record. It will not be published but should be part of the record. Court will rule on the issue tomorrow.

Court discusses Bruton issue. U. Klein presents argument and indicates that he will have to listen to Mr. Smith because most of his opening was Bruton. M. Ellis states the facebook are not subject to confrontation clause which includes Bruton. M. Ellis presents argument. Will be limiting statements. Court reads a Supreme Court case. Bruton issue is taken care of by not saying name. Court states may not be fair to Ms. Tainewasher. The entire statement should be read. M. Ellis will speak to Mr. Chumley. U. Klein responds. Court asks if the real statement should come in. U. Klein states no, the other person is better than nothing. Court understands the objection.

D. McKinley suggests having the parties stipulate that child died so then Exh. 91 will not have to be used. Court states that it is between counsel.

U. Klein asks the Court to review the case provided earlier.

R. Smith discusses Exh. 91. Exhibit is very prejudicial.

Court will issue a ruling tomorrow. Reconvene tomorrow at 8:20 am